Rosemary M. Rivas (SBN 209147)
rrivas@zlk.com
LEVI & KORSINSKY LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Attorneys for Plaintiff Joseph Tola*

*[Additional counsel on signature page]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH TOLA, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UCP, INC., MICHAEL C. CORTNEY, DUSTIN L. BOGUE, ERIC H. SPERON, PETER H. LORI, KATHLEEN R. WADE, MAXIM C.W. WEBB, CENTURY COMMUNITIES, INC., and CASA ACQUISITION CORP.,<br><br>Defendants. | Case No. 17-cv-02713-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL** |

WHEREAS, plaintiff Joseph Tola ("Plaintiff") filed the above-captioned action (the "Action") challenging the disclosures made by UCP, Inc. ("UCP") in connection with the proposed acquisition of UCP by Century Communities, Inc. ("Parent"), and its wholly owned subsidiary, Casa Acquisition Corp. ("Merger Sub"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around April 11, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by defendants in connection with UCP's Form S-4 Registration Statement (the

"Registration Statement") filed with the SEC on or around May 5, 2017;

WHEREAS, on or around June 21, 2017, UCP filed an amendment to the Registration Statement with the SEC that included certain additional information relating to the Transaction that addressed and mooted Plaintiff's claims (the "Supplemental Disclosures");

WHEREAS, the Transaction closed on or around August 4, 2017;

WHEREAS, Plaintiff's counsel intends to assert a claim for a mootness fee and expenses in connection with the mooted claims (the "Fee Application"), and seek Court intervention if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made;

WHEREAS, defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, IT IS HEREBY STIPULATED upon consent of the parties and subject to the approval of the Court that:

1.     The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2.     Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3.     The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4.     This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the defendants' right to oppose the Fee Application.

5.     Plaintiff's Fee Application, if filed, will comply with Local Rule 54-5.

6.     If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

# [PROPOSED] ORDER

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the defendants' right to oppose the Fee Application.

5. Plaintiff's Fee Application, if filed, shall comply with Local Rule 54-5.

6. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

**SO ORDERED**

Cwi wuv'38. 2017.

By: /s/ William Alsup
HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

5
**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**
Case No. 17-cv-02713